UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                                   **Hon. Hugh B. Scott**

                                                   12CR83S

v.

                                                  **ORDER**

Ernest Green, et al.,
                            Defendants.

On March 12, 2015, the government filed a motion seeking to limit public access to the transcript of a hearing held before the Court on October 28, 2014. (Docket No. 182). The transcript was filed with the Court on December 15, 2014. (Docket No. 154). The government asserts that public access to the transcript on the Court's electronic filing system ("ECF") should be sealed because the police officers who testified at that hearing identified the names of four of the government's witnesses during their hearing testimony. The government does not seek to restrict access to the defendants because the defendants "already know who [the witnesses] are." (Docket No. 182 at paragraph 7).

The public holds a qualified constitutional right of access to court documents that extends well beyond judicial opinions. The First Amendment access right extends to court dockets, records, pleadings, and exhibits, and establishes a presumption of public access that can only be overcome by specific, on-the-record findings that the public's interest in access to information is overcome by specific and compelling showings of harm. Press-Enterprise Co. v. Superior Court,

478 U.S. 1, 13–14, (1986); see also In re Application of Nat'l Broad. Co., 828 F.2d 340, 345 (6th Cir.1987) (district court made inadequately specific findings that compelling interests favored closure). The right attaches to civil proceedings, Detroit Free Press v. Ashcroft, 303 F.3d 681, 695–96 (6th Cir.2002), and constitutional standards apply not only to courtroom proceedings, but to dockets, pleadings, and documents attached to pleadings. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 92 (2d Cir.2004).    This presumptive right applies to suppression hearings. See Waller v. Georgia, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984) (defendant's Sixth Amendment right to an open trial prevented total closure of a suppression hearing, indicating that the First Amendment right would in most instances attach to such proceedings).

The Second Circuit, in Matter of New York Times Co. v. Biaggi, 828 F.2d 110, 114 (2d Cir.1987), discussed the burden needed to be met to warrant the sealing or restricting access to such court proceedings: "Proceedings may be closed and, by analogy, documents may be sealed if "specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest. … Such findings may be entered under seal, if appropriate. … Broad and general findings by the trial court, however, are not sufficient to justify closure." Matter of New York Times Co., 828 F.2d at 116.   Similarly, Rule 55 of the Local Rules of Criminal Procedure for the Western District of New York provides that "there is a presumption that Court documents are accessible to the public" and requires "that a substantial showing is necessary to restrict access."

Here, the government has not met its burden to set forth a specific substantial basis sufficient to warrant restricting the public access to the hearing transcript. The government acknowledges that the defendants are already aware of the identity of the witnesses disclosed

during the hearing. The government presents no information suggesting that restricting public access to the transcript is necessary to protect an on-going investigation[1] or that a threat exists with respect to these witnesses. Instead, the government asserts only the general proposition that it is in the public interest that crime witnesses come forward and cooperate with law enforcement. (Docket No. 182 at paragraph 6). Such a general assertion, without a more specific articulation of the need to restrict public access is insufficient.[2]

The government's motion to limit non-party access to the transcript of the October 28, 2014 proceedings is denied.

So Ordered.

*Hon. Hugh B. Scott*

———————————————
Hon. Hugh B. Scott
U.S. Magistrate Judge

Buffalo, New York
April 8, 2015

---

[1] See United States v. Park, 619 F. Supp. 2d 89 (S.D.N.Y. 2009)(need to protect on-going investigation outweighs public right of access).

[2] The government cites United States v. McKenzie, 2009 U.S. Dist. LEXIS 51131 (D. Conn. 2009) in support of the instant motion. McKenzie is distinguished from the instant case in that the documents sought to be restricted from public access were the defendant's cooperation agreement, the government's memorandum in support of a downward departure and a sentencing memorandum filed by the defendant. The Court found that because those documents contained not only the details of the underlying crimes and the defendant's cooperation, but also information relating to the defendant's residence, employment and rehabilitation program, restricting electronic access by the public was warranted. The government has not articulated a similar need in the instant matter.