UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                               **Hon. Hugh B. Scott**

                               12CR83S

           v.

                               **ORDER**

Ernest Green, et al.,
                      Defendants.

       Before the Court is the government's motion (Docket No. 197) requesting reconsideration of this Court's April 8, 2015 Order denying a motion to restrict access to a hearing transcript. (Docket No. 196).

       On March 12, 2015, the government filed a motion seeking to limit public access to the transcript of a hearing held before the Court on October 28, 2014. (Docket No. 182). The transcript was filed with the Court on December 15, 2014. (Docket No. 154). The government asserts that public access to the transcript on the Court's electronic filing system ("ECF") should be sealed because the police officers who testified at that hearing identified the names of four of the government's witnesses during their hearing testimony. The government does not seek to restrict access to the defendants (Docket No. 182 at paragraph 7).

       The public holds a qualified constitutional right of access to court documents that extends well beyond judicial opinions. The First Amendment access right extends to court dockets, records, pleadings, and exhibits, and establishes a presumption of public access that can only be

overcome by specific, on-the-record findings that the public's interest in access to information is overcome by specific and compelling showings of harm. Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13–14, (1986); see also In re Application of Nat'l Broad. Co., 828 F.2d 340, 345 (6th Cir.1987) (district court made inadequately specific findings that compelling interests favored closure). The right attaches to civil proceedings, Detroit Free Press v. Ashcroft, 303 F.3d 681, 695–96 (6th Cir.2002), and constitutional standards apply not only to courtroom proceedings, but to dockets, pleadings, and documents attached to pleadings. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 92 (2d Cir.2004).    This presumptive right applies to suppression hearings. See Waller v. Georgia, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984) (defendant's Sixth Amendment right to an open trial prevented total closure of a suppression hearing, indicating that the First Amendment right would in most instances attach to such proceedings). The Second Circuit, in Matter of New York Times Co. v. Biaggi, 828 F.2d 110, 114 (2d Cir.1987), discussed the burden needed to be met to warrant the sealing or restricting access to such court proceedings:   "Proceedings may be closed and, by analogy, documents may be sealed if "specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest. …   Such findings may be entered under seal, if appropriate. … Broad and general findings by the trial court, however, are not sufficient to justify closure." Matter of New York Times Co., 828 F.2d at 116.   Similarly, Rule 55 of the Local Rules of Criminal Procedure for the Western District of New York provides that "there is a presumption that Court documents are accessible to the public" and requires "that a substantial showing is necessary to restrict access."

    Attached to the motion for reconsideration, the government has submitted an affidavit from Buffalo Detective Mary C. Evans (Docket No. 197-1) which states that documents relating to

identifications made by the witnesses in this case have been circulated among inmates at the Erie County Holding Center. One witness was allegedly directly approached with respect to an identification the witness made in this case. Evans also states that on December 31, 2014, one of the witnesses involved in this case was shot three times by unknown assailants. (Docket No. 197-1 at ¶6). The Evans' affidavit sets forth sufficient specific information demonstrating that the witnesses involved in this case have been subjected to intimidating behavior. This constitutes a substantial showing warranting a restriction of the hearing transcript in this case.

The government's motion to limit non-party access to the transcript of the October 28, 2014 proceedings is GRANTED. The Clerk of the Court is directed to restrict electronic access to the hearing transcript (Docket No. 154) so that it may be accessed only by counsel to the parties in this matter.

So Ordered.

*Hon. Hugh B. Scott*

_____
   Hon. Hugh B. Scott
   U.S. Magistrate Judge

Buffalo, New York
April 14, 2015