UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America

v.

**Decision and Order**
12-CR-83S

John W. Coronado, Jr.,

Defendant.

Following a change of counsel (Dkt. No. 268) and the Court's decisions/recommendations on then-pending omnibus motions (Dkt. Nos. 301, 302), defendant John Coronado ("Coronado") filed an additional set of pretrial motions on September 13, 2016.  (Dkt. No. 321.)  Coronado's new motions include a motion to suppress statements made during law enforcement questioning on December 22, 2014.  The core of Coronado's argument for suppression is his contention that he was represented by counsel at the time of the questioning and that he did not have access to his counsel.  Coronado accordingly claims Fifth and Sixth Amendment violations.  The Government counters that Coronado's assignment of counsel expired before the questioning occurred, and that law enforcement agents gave proper *Miranda* warnings and received a proper *Miranda* waiver from Coronado.

As a preliminary matter, the Court needs to give the parties some clarification about how Coronado's representation began.  Coronado was served with a grand jury subpoena on February 10, 2012.  On February 14, 2012, Coronado came before the Court for an *ex parte* determination of his eligibility for assigned counsel.  Assistant Federal Public Defender Tracy Hayes[1] accompanied Coronado.  The Court conducted a brief colloquy on the record; the Court at the

---

[1] Mr. Hayes worked in this District at the time; to the Court's best knowledge, he currently has the same title in the District of Connecticut.

time referred mistakenly to a target letter, but the Government since has confirmed that Coronado

never was issued a target letter.  The Court thus would have been referring to the subpoena.

Following the colloquy, the Court found Coronado eligible and assigned Mr. Hayes as counsel.  As

for the scope of representation, the Court has no personal recollection of any intent that it might

have had for Coronado.  However, when dealing with target letters, the Court's custom and

practice is to allow representation under the Criminal Justice Act ("CJA") to reach the full extent

of whatever investigation is described in the target letter.  Should the investigation mature into a

complaint or indictment, the Court's custom and practice is to qualify a defendant for

representation again at the initial appearance or arraignment.  In that scenario, the attorney who

represented a defendant for the target letter usually, but not always, takes the assignment for the

formal case as well.  Since the Court appears to have applied its ordinary custom and practice to

Coronado, the Court is prepared to go forward presuming that it assigned counsel to Coronado

on February 14, 2012 for the full extent of whatever had to be done to address the grand jury

subpoena.  The Court's custom and practice seems to have borne out at the start of the formal

case; when Magistrate Judge Schroeder covered arraignment for this Court on December 23, 2014,

he re-qualified Coronado for counsel and assigned Assistant Federal Public Defender John

Humann.  Magistrate Judge Schroeder presumably would not have conducted a second

qualification and assignment if either he or the parties at the time had understood the February

14, 2012 assignment not to have expired.

     The clarification that the Court has furnished above likely would resolve at least part of

Coronado's motion to suppress, but while reviewing the parties' papers about what happened

between February 14, 2012 and December 22, 2014, the Court became aware of intervening events that potentially complicate the situation.  Sometime between February 28 and March 21, 2012, the Federal Public Defender's Office realized that it had a conflict in the case.  Attorney Kevin Spitler took over representation as CJA counsel; the Court has no record or recollection of being involved in the substitution except for a CJA-20 form that it signed on March 21, 2012. (Dkt. No. 321-1 at 8.)  Mr. Spitler has submitted an affidavit (Dkt. No. 321 at 14–15) in which he claims that he maintained active representation of Coronado from his appointment to the present. At a status conference on October 18, 2016, Coronado asserted that he had numerous conversations with Mr. Spitler after March 2012.  (Dkt. No. 339.)  Mr. Spitler's affidavit and Coronado's assertions create the possibility 1) that they had an attorney-client relationship apart from or in addition to what the Court set up as of February 14, 2012; and 2) that the Government knew or should have known about an attorney-client relationship that existed even if the original February 14, 2012 assignment had expired.

In the face of uncertainties about the relationship that Mr. Spitler and Coronado might have had prior to Coronado's questioning on December 22, 2014, the Court believes that a hearing would provide important clarification.  The scope of the hearing will be 1) the nature and chronology of any attorney-client relationship between Mr. Spitler and Coronado; 2) the Government's knowledge of any such relationship; and 3) any facts that might clarify what would happen if, hypothetically, a bona fide attorney-client relationship existed but the Government believed in good faith that the relationship was connected to an assignment of counsel that expired.

The hearing will occur on December 6, 2016 at 10:30 AM.  Speedy-trial time remains excluded while Coronado's motions remain pending.


SO ORDERED.

_\_\_/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: November 8, 2016

4