UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

United States of America

v.

**Decision and Order**
12-CR-83S

John W. Coronado, Jr.,

      Defendant.

---

## I. INTRODUCTION AND BACKGROUND

On March 23, 2016, the Court replaced prior assigned counsel for defendant John Coronado ("Coronado") with attorney Alan Hoffman. Through Mr. Hoffman, Coronado has focused most of his pretrial time and energy seeking to suppress certain statements that he made during a custodial interrogation on December 22, 2014. (Dkt. No. 321 at 2–7.) The Court has issued a separate Report and Recommendation addressing the suppression motion. In this brief Decision and Order, the Court addresses the non-dispositive motions that Coronado filed through Mr. Hoffman. Coronado's joinder of his codefendants' pretrial motions (Dkt. Nos. 216, 302) remains in effect, to the extent that any of those pretrial motions affect Coronado. Given the extensive record that has developed, the Court will presume general familiarity with the background of the case.

## II. DISCUSSION

### A. *Motion for Discovery*

In this motion, Coronado seeks the same voluminous discovery offered to his codefendants when they prepared omnibus pretrial motions and he did not. (Dkt. No. 321 at 7–

8.)  The discovery request includes a request for recorded jail telephone calls, even if the calls do not involve Coronado.  The Government responds that it has furnished all required discovery under Rule 16 and that it will supplement its responses as needed.  (Dkt. No. 328 at 5–6.)  With all of the additional discovery that occurred as part of the suppression hearing (Dkt. No. 391), Coronado's discovery motion might be moot by now.  To the extent, however, that any specific requests remain outstanding, the Government is directed either to furnish the information or to provide notice of an objection to production.  The Court grants Coronado's motion to this limited extent and denies it to the extent that it seeks any other relief.

### B.  Motion for Brady / Jencks / Giglio Material

In this motion, Coronado seeks "the immediate disclosure of all exculpatory and/or impeaching material in the prosecution's possession, control, or which is otherwise known to the prosecution, including but not limited to all items set forth below."  (Dkt. No. 321 at 8.)  Coronado effectively seeks information subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500, and *Giglio v. U.S.*, 405 U.S. 150 (1972).  Coronado then lists a number of discovery items including statements by witnesses or unindicted codefendants; information about cooperation agreements; and information about any identification techniques used in the case.  The Government responds that many of Coronado's requested items are not covered by *Brady* and that it will furnish *Brady* material as required in Judge Skretny's eventual trial order.

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of

2

the good faith or bad faith of the prosecution . . . . Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady*, 373 U.S. at 87. The *Brady* rule covers situations "[w]hen the reliability of a given witness may well be determinative of guilt or innocence." *Giglio*, 405 U.S. at 154 (internal quotation marks and citation omitted); *accord U.S. v. Bagley*, 473 U.S. 667, 676 (1985) (plurality opinion) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule.") (citing *Giglio*). When considering information that might fall under the *Brady* rule, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The Government does not necessarily have to await a defense request to produce information that falls under the *Brady* rule, but neither does it need to adopt an "open file policy." *See id.* at 437; *see also U.S. v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) ("Under *Brady* and its progeny, the government has an affirmative duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense. The individual prosecutor is presumed to have knowledge of all information gathered in connection with the government's investigation.") (citations omitted). Also, "[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." *U.S. v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) (citations omitted). As for the timing of *Brady* disclosure, "[i]t is not feasible or desirable to specify the extent or timing of disclosure *Brady* and its progeny require, except in terms of the sufficiency, under the circumstances, of the defense's

opportunity to use the evidence when disclosure is made. Thus disclosure prior to trial is not mandated. Indeed, *Brady* requires disclosure of information that the prosecution acquires during the trial itself, or even afterward . . . . At the same time, however, the longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use." *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) (citations omitted).

Here, the Government has acknowledged its affirmative obligations for disclosure under *Brady*, the Jencks Act, and *Giglio*, and has committed to making disclosures within the time that Judge Skretny will set in the eventual trial order. The Government's commitment will suffice, absent a showing that a different arrangement is necessary in this case. The Court accordingly denies Coronado's motion but without prejudice to renew before Judge Skretny as needed.

### C. *Motion for Severance*

Finally, Coronado has made a motion to sever his trial from any trial involving his codefendants. (Dkt. No. 322.) As noted last year in the Decision and Order addressing similar requests by Coronado's codefendants (Dkt. No. 302), this Court has a practice of deferring severance motions to the District Judge, who is in a better position to determine whether two or more trials in a case would better preserve defendants' rights. The Court will maintain that practice here. The Court defers ruling on the motion and will allow Coronado to pursue relief before Judge Skretny as he sees fit.

## III. CONCLUSION

The Court grants in part or defers on Coronado's remaining non-dispositive motions (Dkt. Nos. 321, 322) as noted above.

SO ORDERED.

                                                          __/s Hugh B. Scott_____
                                                          Hon. Hugh B. Scott
                                                          United States Magistrate Judge

DATED: July 10, 2017